## LEE DONALDSON *v.* STATE.

[59 South. 99.]

1. INDICTMENT.  *Duplicity.  Forgery.*

> An indictment for forgery charging that the defendant "forged" a written instrument copied in the indictment is sufficient under the statute, and the fact that the indictment charged that defendant did "forge, counterfeit and alter," the instrument will not render the indictment bad for duplicity.

2. SAME.

> Forgery may result from a fabrication of the entire instrument or by counterfeiting a signature, or by a change of a genuine writing, and when accomplished by alteration this is treated as a forgery of the whole.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Lee Donaldson was convected of forgery and appeals. On suggestion of error.  Former opinion, 58 South. 835.

The appellant was indicted and convicted for the crime of forgery.  The indictment, omitting formal parts, charges that the defendant "did unlawfully, knowingly, and feloniously forge and counterfeit and alter a certain writing, purporting to be a receipt  issued by one J. B. Lehman for the sum of two hundred and eighty-five dollars and seventy cents, which is in words and figures as follows, to wit:  'Southern Christian Institute.  $285.70.  Mt. Beulah, Miss., Oct. 5, 1908.  Received from Lee Donaldson two hundred and eighty-five and 70/100 dollars for J. B. Lehman.  No. 65.  J. B. Lehman, President'—by which said forged, counterfeited and altered instrument a certain pecuniary demand of two hundred and eighty-five dollars and seventy cents against the said J. B. Lehman was then and there purported to be discharged and fully satisfied, with the

felonious intent then and there to willfully and unlaw-
fully defraud the said J. B. Lehman and divers other
persons now to your grand jurors unknown, contrary to
the form of· the statute in such case made and provided,
and against the peace and dignity of the state of Miss-
issippi.''

Section 1174 of the Code of 1906, under which the in-
dictment is drawn, is as follows:   ''Every person who
shall be convicted of having forged, counterfeited, or
having falsely altered any will of real or personal prop-
erty, or any deed or other instrument, being or purport-
ing to be the act of another, by which any right or in-
terest in real or personal property shall be or purport
to be transferred, conveyed, or in any way changed or
affected, or any certificate or indorsement of the ac-
knowledgment of any person of any deed or other instru-
ment which by law may be recorded, made or purporting
to have been made by any officer duly authorized to
make such certificate or indorsement, or any certificate
of the proof of any deed or other instrument, which by
law may be recorded, made or purporting to have been
made by any officer duly authorized to make such certi-
ficate, with intent to defraud, shall be guilty of forgery.''

To this indictment a demurrer was filed on the ground
that the indictment is duplicitous, since it charges two
distinct felonies, one the forging or counterfeiting of an
instrument, and the other the alteration of an instru-
ment of writing; that it does not inform the defendant
of the nature of the accusation against him, and that it
does not show in what particular the instrument alleged
to have been forged was altered, or that alteration was
material.   The demurrer was overruled.

On the trial, the state's witnesses introduced a re-
ceipt, which is set out in the indictment, and testified
that, where the figures ''1908'' appear, the original in-
strument read ''1907,'' and that this was an attempt to
get an additional credit and accounting between the de-

fendant and one Lehman, with whom he had business dealings. It was shown, also, that the entire receipt had been retraced with a pen in a different colored ink by the defendant, this fact being admitted; but it was not admitted that the date had been changed.

The defendant did not take the stand, nor did he introduce any evidence at all; but after all the evidence for the state was in, he filed a motion to exclude same from the jury and grant a peremptory instruction to find him not guilty. This motion was overruled, and the case was submitted to a jury, who returned a verdict of guilty as charged.

From a judgment thereon, the defendant appeals.

*R. N. Miller,* for appellant.

I think the court must have overlooked the question of criminal pleading involved in this record, and the effect that this decision must have. If the constitutional guaranty that the accusation or indictment must inform the accused of the nature and details of the accusation against him is to be enforced, it is of the last consequence that the decisions on the subject shall be harmonious. I respectfully repeat here that the language of the statute had "forged and counterfeited and altered" is a fatally defective indictment in this case—if I know anything about criminal pleading at all. It is peculiarly defective in this case where a man has been convicted of "altering" a genuine receipt. I say now that no case can be found which does not hold that in such case the alteration must appear on the face of the indictment to be material, and the facts which make it material stated, and the particulars in which the alteration was made.

These things are vitally essential and have been so held by every court that I know of, in order to comply with the constitutional guaranty.

I repeat, again, that the decision of this court in this case is the first case in America where it has ever been

held sufficient in any indictment to which a demurrer had been interposed, to say and charge merely that the party "altered" an instrument.

It will, therefore, become a leading case on that subject, and with all respect be regarded by the bar as a freak.

The court will pardon me for saying that after spending a very great portion of my life in considering questions of this kind, I confidently rested upon my correctness in this position and did not introduce a single witness.

I beg the court to reconsider my demurrer to the indictment in this case. I am sure, if it does it will change its view on the question presented.

This man has in fact been sent to the penitentiary upon an indictment which charges no offense, for I repeat again that no case on earth can ever be found where it is held simply to charge that a man had "altered" an instrument was sufficient.

Wherefore the appellant prays that the case may be reviewed and the case reversed.

COOK, J., delivered the opinion of the court.

Since the indictment charges that the defendant did "forge, counterfeit, and alter" the instrument of writing copied into the indictment, and since it would have been entirely proper to have simply charged that defendant forged the same, and inasmuch as this charge would have been established by proof of a material alteration of the instrument, we cannot perceive how the addition of the word "alter" in any way injured defendant. Forgery may result from a fabrication of the entire instrument, or by counterfeiting a signature, or by a change of a genuine writing, as in this case; and, when accomplished by alteration, this is treated as a forgery of the whole.

The pleader in this case followed the language of the statute, and the statute sufficiently describes the crime.

True, there is abundant authority for the proposition that, when the pleader charges a forgery by alteration, he must set out how the alteration was made; but we have found no authority for the contention that the indictment is bad for duplicity where the pleader follows the statute, as was done in this case, charging forgery, counterfeiting, and alteration. It is difficult to follow the argument which admits that a general charge of forgery may be sustained by evidence of the alteration of a material part of the instrument alleged to have been forged, and at the same time condemns an indictment charging the forgery and *alteration* of the instrument, because the pleader fails to inform the defendant how and in what respect the instrument was altered.

According to this form of logic, the defendant could not have complained had the pleader, without mentioning alteration, masked his batteries behind the single word "forge, " and then proved the forgery was accomplished by a change of a word or figure in a genuine document; but the defendant *can* complain because he is notified by the word "alter" that evidence may be introduced to prove an alteration. In the one case, alteration may be relied on to sustain the charge of forgery, because no charge of altering is made, while in the other case, when it is charged that defendant did forge *and alter* the writing, the indictment is wholly bad, because the defendant is not informed of what charge he is called upon to defend. We think this is reasoning in a circle, and entangles the reasoner in the cobwebs of sophistry. It is entirely too subtle and refined for practical application, and, in our judgment, is unsound and fallacious.

The suggestion of error is overruled.

*Suggestion of error overruled.*